| .PER CURIAM.
A long-time employee of the Department of Environmental Quality, Kathryn Liuzza, was working for the Office of Environmental Services Permits Division in 2001 when she discussed the hiring of schoolteachers for the summer months on a temporary, 90-day restricted appointment, to help with an employee shortage in the support services section. She mentioned to her supervisor that she knew a teacher in need of a summer job. Whether she made it clear that this teacher was her sister was a disputed issue. Her immediate supervisor agreed to the temporary employee hiring plan and told Ms. Liuzza to proceed with the paperwork for the new hires.
Ms. Liuzza listed her sister’s name on a memorandum as the replacement employee who was to fill an upcoming vacancy. Her supervisor signed the form and Ms. Liuzza initialed it. Her sister began work at DEQ on a 90-day restricted appointment. The sister’s employment with DEQ was terminated the following day due to a perceived ethical violation.
By majority vote, the Board of Ethics concluded that Ms. Liuzza had violated LSA-R.S. 42:1112(B)(1) by participating in the hiring of her sister and LSA-R.S. 42:1119(A) by virtue of the employment of her sister in her agency while she served as the agency head.
| pThe court of appeal found the Board correctly concluded that Ms. Liuzza “participated” in the selection of her sister for a temporary position when she advised her supervisor that she knew of a teacher who needed a temporary job. She also took part in the hiring of her sister when she supplied the application for employment to her sister and completed the paperwork.
The court of appeal noted the Board did not impose the maximum fine allowed by law ($10,000.00), but rather imposed a $500.00 fine for each violation, suspending one $500.00 fine upon her compliance with the Ethics Code. The court noted that the sister’s employment was terminated the day after she began the job and Ms. Liuz-za was not the only person involved in the process that led to the hiring of her sister. The court of appeal concluded the fine imposed by the Board of Ethics was unduly harsh and the Board abused its discre *1123 tion in not suspending both fines which were imposed for technical violations. The court of appeal amended the Board’s order to reflect that all fines be suspended upon the condition Ms. Liuzza comply with the Ethics Code in the future.
Not finding an abuse of discretion, Judge Guidry dissented from the portion of the opinion that amended the Board’s order. Judge Guidry stated: “[f]or the appellate court to substitute its judgment for that of the Board in this manner is, in essence, an abuse of our role as a reviewing court.”
We agree with Judge Guidry’s dissent. The fines imposed by the Board of Ethics were not shown to be an abuse of discretion and the court of appeal erred in substituting its judgment for that of the Board. The court of appeal majority erred in amending the order of the Board of Ethics to suspend all of the fines imposed for the proven ethical violations upon the condition that Ms. Liuzza comply with the Ethics Code in the future.
| oDECREE
The judgment of the court of appeal amending the order of the Board of Ethics is reversed and the fines imposed by the Board of Ethics in this matter are reinstated.
CALOGERO, C.J., would deny the writ.